# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JESSE BENJAMIN ANTHON JACKSON,

     Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,

     Respondents.

No. 3:26-cv-00392-BTM-VET

**ORDER ON HABEAS PETITION**

Pending before the Court is Petitioner Jesse Benjamin Anthony Jackson's petition for a writ of habeas corpus.

**A.     Background**

Petitioner is a native and citizen of Jamaica.  Petitioner was admitted into the United States on a temporary visa in June 2007.  Petitioner was charged with removability in a Notice to Appear in November 2012.  In September 2013, an immigration judge (IJ) granted Petitioner withholding of removal to Jamaica.

In June 2019, Petitioner was convicted of Possession with Intent to Sell or Dispense to a Non-Dependent under Connecticut Gen. Stat. § 21a-278(b) and was sentenced to seven years in prison.  In 2024, Petitioner left the United States and returned to Jamaica.  Petitioner returned to the United States at the San Ysidro port of entry on January 2, 2026, and was taken into custody.  On January 26, 2026, an IJ granted the Government's motion to reopen removal proceedings and terminate the withholding of removal.

Petitioner contends that the Government is unlawfully detaining him.  The Government first contends that this Court lacks jurisdiction under 8 U.S.C. § 1252(g).  On the merits, the Government argues that under 8 U.S.C § 1226(c), Petitioner must be detained because his Connecticut conviction is for an offense relating to a controlled substance.

**B.     Discussion**

The Court rejects the Government's jurisdictional argument.  Section 1252(g) bars judicial review over challenges "to the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  But Petitioner's challenge does not fall within that language.  Instead Petitioner challenges the lawfulness of his custody, and this Court has jurisdiction over that issue.  *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings); *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (explaining that Section 1252(g) does not

2

preclude jurisdiction over legal, non-discretionary questions); *Flores-Torres v. Mukasey*, 548 F.3d 708, 711-13 (9th Cir. 2008) (ruling that Section 1525 does not strip jurisdiction over habeas claims).  This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General.  *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").  Rather, Petitioner solely challenges the lawfulness of his detention without a bond hearing.  That claim falls outside 8 U.S.C. § 1252(g).  There is jurisdiction to review the lawfulness of Petitioner's detention.

8 U.S.C. § 1226(c) requires the Attorney General to take into custody noncitizens "inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS § 1182(a)(2)]."  Section 1182(a)(2)(A), in turn, covers state offenses "relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."  The Government contends that Petitioner has one qualifying offense, that is, his conviction for Possession with Intent to Sell or Dispense to a Non-Dependent under Connecticut Gen. Stat. § 21a-278(b).

The Court finds that the Government has waived any argument that Petitioner is lawfully detained under 8 U.S.C. § 1225, as it has not raised that basis for Petitioner's detention.  The Court will solely consider the Government's Section 1226(c) argument for detention.  To determine whether Petitioner's state offense is "relating to a controlled substance" under Section 1182(a)(2)(A), the Court must assess whether the offense applies only to substances covered by federal law.  *See Raja v. Sessions*, 900 F.3d 823, 827 (6th Cir. 2018) ("[A] categorical approach applies to determine whether a state conviction constitutes a predicate offense relating to a controlled substance within the context of a removal decision under § 1182(a)(2)(A)."); *Mielewczyk v. Holder*, 575 F.3d 992, 995 (9th Cir. 2009) (using categorical approach to hold that the California schedule is broader than the federal schedule); *Diouf v. Mukasey*, 542 F.3d 1222, 1232 n.6 (9th

3

Cir. 2008) (finding that a state offense qualified under Section 1182(a)(2) because the substance was "a 'controlled substance' within the meaning of 21 U.S.C. § 802(6).").

Federal courts in Connecticut have determined that controlled substances under Section 21a-278(b) are broader than the substances in the federal schedule. *United States v. Smith*, No. 21cr202 (JBA), 2023 U.S. Dist. LEXIS 15820 (D. Conn. Jan. 31, 2023); *United States v. Lopez*, 536 F. Supp. 2d 218 (D. Conn. 2008). Indeed, the Government in *Lopez* agreed that Connecticut included controlled substances that were not included in the federal schedules. 536 F.Supp. 2d at 221 ("The Government acknowledges that these two drugs [(benzylfentanyl and thenylfentanyl)] are absent from the federal schedules."). This Court agrees with and adopts those holdings from *Smith* and *Lopez*.

The Court could next apply the modified categorical approach to assess whether Petitioner's conviction was for a substance listed in the federal schedule. *See United States v. De La Torre-Jimenez*, 771 F.3d 1163, 1166-67 (9th Cir. 2014) (applying modified categorical approach to controlled substances); *Mielewczyk*, 575 F.3d at 995 (same); *accord Chery v. Garland*, 16 F.4th 980, 985-86 (2d Cir. 2021) (same). There is insufficient evidence in the record, however, on that issue. Neither party has included state court documents evidencing the substance Petitioner was convicted for. Thus, the issue has not been fully developed. Indeed, the Government has not been given an opportunity to respond to Petitioner's argument that the modified categorical approach is inapplicable here and also not met.

//
//
//
//
//
//
//

No later than March 9, 2026, Respondents must either (1) file state court documents evidencing that Petitioner was convicted for a substance listed in the federal schedule or (2) grant Petitioner a bond hearing for an IJ to determine whether Petitioner is a flight risk or a danger to the community.  If Respondents file a response, then Petitioner may submit a reply by March 16, 2026.

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Honorable Barry Ted Moskowitz
United States District Judge